## STAPLES & a. *vs.* FRENCH & a.

The committee of a school district, who have caused repairs to be made upon the school house, cannot maintain an action on the case, in their own names, against the selectmen, for not paying over to them money voted to be raised by the district for the purpose of making such repairs, and assessed by the selectmen in pursuance of such vote.

CASE. The declaration alleged, that at a legal meeting of the inhabitants of Westmoreland, qualified to vote in town affairs, and resident in school district number one, in said Westmoreland, duly notified, &c., on the sixth day of January, 1838, it was voted to raise the sum of thirty dollars, to repair the school house in said district, the same being in need of repair—that the plaintiffs were, at the meeting, duly appointed a committee to superintend the repair of said house—that the clerk of the district on the same day certified to the defendants, they then and ever since being the selectmen of Westmoreland, the doings of the meeting and the sum voted to be raised—that the defendants, as selectmen, on the twelfth of February, 1838, duly assessed on the polls, &c., the sum of $31·44, as they were by law authorized to do in pursuance of said vote, and on the same day delivered a list of said taxes and their warrant, to the collector of taxes for said town, directing him to levy, collect, and pay the same to the selectmen on, &c. And the plaintiffs averred, that in pursuance of their duty as a committee, and relying upon the good faith of the defendants, as selectmen, to collect and place the money assessed at the disposal and use of the plaintiffs, for the repair of said school house, they did, on the tenth day of July, 1838, at their own expense, furnish the necessary materials and labor, and did repair said house in a suitable and proper manner, and pay and expend in the repairs the full sum of $30·00; of all which the defendants had due notice, and were requested by the plaintiffs to pay over to them the money raised and assessed, the same having been collected and received by the collector and be-

Staples *v.* French.

ing at the disposal and under the direction of the defendants as selectmen ; but the defendants, well knowing, &c., wholly refused to pay the money or any part thereof to the plaintiffs, but fraudulently, and in violation of their duty as selectmen, directed the collector to pay the money to certain other inhabitants of said district, not authorized by law to receive the same, and the collector paid the same accordingly. By means of all which the plaintiffs have been deprived of all compensation for the repairs of said house, and have wholly lost the labor, materials and money by them so furnished and expended.

The defendants filed a general demurrer to the declaration, which was joined.

*Handerson,* for the plaintiffs. The plaintiffs were a committee duly appointed to cause the school house to be repaired. The selectmen knew of their appointment, and were requested to place the money which had been raised, assessed and collected, " at the disposal of the plaintiffs," the statute having made it the duty of the selectmen so to do ; it being under the sole control, and subject to the order of the selectmen. It is for a violation of this duty that we claim to maintain this action. The duty of the selectmen in this respect, we think, results, not only from the obvious meaning, but from the express language of the statute of 1827, page 433. No authority is given to pay the money to the district, or to any body but the committee. We think the plaintiffs might, if they chose, expend the money before it was paid to them, relying upon the faith of the selectmen to do, what the statute expressly makes it their duty to do, to place the money when collected at their *disposal ;* and when the defendants refused to pay this money to the plaintiffs, and paid to others having no right to it, a cause of action accrued to the plaintiffs. They had acquired a personal, individual right to this money, by having expended it upon the faith of the selectmen to pay it to them, or place it at their disposal.

Great difficulties will be found, we apprehend, in any other construction of the statute than that suggested; and we are unable to find any other adequate remedy for the plaintiffs, by turning them round to seek redress in any other mode. This is not a case where the legal right of action is in one, and the equitable right in another. It is not the case of a contract where an equitable owner of a chose in action may maintain a suit in the name of a nominal obligee. The claim is not upon a contract, but for a wrong done; and they to whom the wrong is done, if any body, must bring the action. What ground of complaint has this school district against the selectmen? Their school house has been repaired. The district has had the money, by its inhabitants raised and paid, fully expended for its benefit. The district then has no cause of action against the selectmen, or any body else. Nor does there seem to be any authority given to school districts, by the statute, to maintain actions for any purpose except to protect the property they are authorized to hold. Trespass or ejectment may be maintained, to recover damages for an injury to, or violation of, the possession of the school house, and the land on which it stands. They have no general power " to sue and be sued," as is usually given to corporations. If a school district can in any case be considered a corporation, or a *quasi* corporation, it has the least amount of corporate power that can well be imagined. Having no general power to sue and be sued, and not being even called a corporation in any statute, it may well be doubted whether it can bring any action except such as is specially provided by the statute. But however this may be, and even if it should be held that a school district has power under some circumstances to maintain an action against selectmen, no action can be maintained in this case, for the reasons before stated. The district has no cause of complaint. If, in this case, the facts would make a good defence to any action brought by the district on its own account, it will hardly be contended that the plaintiffs may use the name of

the district to obtain a remedy against the selectmen. If the district on its own account has no legal title to an action against the selectmen, it follows that if there be any remedy against them, the plaintiffs, who alone have been injured by this violation of duty, must bring the action.

It should be observed that the relative position of these plaintiffs, in regard to this school district, is entirely different from what usually exists between principals and agents. The principal gives what power he chooses to his agent, and he exercises this authority for the benefit of the principal. The agent is nothing, the principal every thing. Not so here. The statute, and not any acts of the parties, settles all this. All the district does is to appoint the committee. When appointed, their duties, powers and rights are all settled and defined by the statute. No contract exists between them and the district. Under certain circumstances this committee is authorized to build or repair a school house. But not upon any contract with the district. The statute, and not any vote of the district, provides how they are to be furnished with the means for building or reparing. The selectmen, and not the district, have control over the money with which they are to be paid what they expend.

*Wilson, & Chamberlain,* for the defendants.

PARKER, C. J. The statute of July 6, 1827, provides, " That the inhabitants of the several school districts be, and they hereby are, empowered at any meeting called in the manner hereinafter prescribed, to raise money for the purpose of erecting, repairing, or purchasing a school-house, and other buildings connected therewith, in their respective districts, and of necessary utensils for the same ; to determine in what part of the district to erect said school-house and other necessary buildings ; to choose a committee to superintend the building and repairing of said school-house, and other necessary buildings, or for purchasing the same ; and the

money raised as aforesaid shall be assessed and collected in the manner hereinafter provided."

The third section provides that " the selectmen shall assess in the same manner as town taxes are assessed on the polls and estates of the inhabitants composing any school district defined as aforesaid, and on real estate in said town, belonging to persons living out of the same, which the selectmen shall have directed to be taxed in such district, all monies voted to be raised by the inhabitants of such district, for the purposes aforesaid, in thirty days after the clerk of the district shall notify to said selectmen the sum voted by the district to be raised as aforesaid"—" and the money so collected and paid shall be at the disposal of the committee of the district, to be by them applied for the building, repairing, or purchasing of a school-house in the district to which they belong."

This action is attempted to be supported upon these provisions of this statute; but we are of opinion that it cannot be sustained. The statute authorizes the district to choose a committee. That committee when chosen is the servant of the district. It can do the bidding of the district, but is not a body known in law so that it can maintain an action as such committee.

The clause in the statute that the money assessed by the selectmen " shall be at the disposal of the committee of the district," shows to whom it is to be paid when collected, but it is to the committee for the time being, and not to a committee which might have existed when the money was voted.

The money is the money of the district, voted by the inhabitants and assessed upon them.

If the selectmen should neglect to assess, the district might maintain an action. Having assessed, if they refuse to pay over, the principal must maintain the suit, and not the agent. It is the district which is aggrieved if the defendants have failed in performing their duty.

Nor did the plaintiffs gain any additional right by expending their own money. They need not have done so. Their

Staples *v.* French.

duty was to receive the money of the district, and then expend it for the benefit of the district.

The withholding of the money, if a wrong, is not a wrong to the plaintiffs.

They were constituted agents to do a particular service for the principal, and were not bound to do it until they should have received the money of the principal.

Whether, having done it, they can have a remedy against the district for the money expended by them, or whether they are entitled to maintain an action in the name of the district, against the defendants, to recover the money assessed, are questions which do not arise on this demurrer.

*Judgment for the defendants.*